Matter of Ziyoda S. (Nilufar S.) (2025 NY Slip Op 04183)

Matter of Ziyoda S. (Nilufar S.)

2025 NY Slip Op 04183

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2024-04295
 (Docket No. N-15677-23)

[*1]In the Matter of Ziyoda S. (Anonymous). Administration for Children's Services, appellant;Nilufar S. (Anonymous), respondent.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Jesse A. Townsend of counsel), for appellant.
Twyla Carter, New York, NY (Dawne A. Mitchell and Claire V. Merkine of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Robert D. Hettleman, J.), dated May 29, 2024. The order, after a hearing, denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
"In a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence" (Matter of Janiyah S. [Pedro H.], 226 AD3d 909, 910; see Family Ct Act § 1046[b][i]). Unsworn out-of-court statements of the subject child may be received and, if properly corroborated, will support a finding of abuse or neglect (see Family Ct Act § 1046[a][vi]; Matter of Nathaniel I.G. [Marilyn A.P.], 227 AD3d 806, 807). "[G]enerally a petitioner must present nonhearsay, relevant evidence to reliably corroborate the out-of-court disclosures" (Matter of Treyvone A. [Manuel R.], 188 AD3d 1182, 1183). "Mere 'repetition of an accusation by a child does not corroborate the child's prior account of it'" (Matter of Elina M. [Leonard M.], 236 AD3d 25, 36, quoting Matter of Nicole V., 71 NY2d 112, 124). "Family Court Judges presented with the issue have considerable discretion to decide whether [a] child's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated" (Matter of Nicole V., 71 NY2d at 119).
Here, the record, taken as a whole, failed to prove by a preponderance of the evidence the allegations of neglect (see Matter of Treyvone A. [Manuel R.], 188 AD3d at 1183-1184; Matter of Nicole G. [Louis G.], 105 AD3d 956, 956-957). The child's out-of-court statements that the mother neglected her, inter alia, by employing excessive corporal punishment were not sufficiently corroborated by nonhearsay, relevant evidence tending to support the reliability of the statements (see Matter of Elina M. [Leonard M.], 236 AD3d at 36; Matter of Treyvone A. [Manuel R.], 188 AD3d at 1184).
Accordingly, the Family Court properly denied the petition and dismissed the proceeding.
BARROS, J.P., CHRISTOPHER, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court